## Case No. 10,304.

### NORRIS' CASE.

[1 Abb. U. S. 514; [1] 4 N. B. R. 35 (Quarto, 10);
1 Am. Law T. Rep. Bankr. 227;
3 Am. Law T. 216.]

District Court, E. D. Michigan. June Term, 1870.

DISTRICT COURT—JURISDICTION IN BANKRUPTCY.

1. Although, by the bankrupt law of 1867 [14 Stat. 517], jurisdiction in bankruptcy is con-

[1] [Reported by Benjamin Vaughan Abbott, Esq., and here reprinted by permission.]

ferred on the district court, instead of being vested in a new tribunal, yet the district court, when sitting as a court of bankruptcy, is to be regarded as a separate court. exercising powers and a jurisdiction distinct from its powers as a district court as originally constituted.

2. The district court, when sitting as a court of bankruptcy, should not decline jurisdiction of a claim presented by petition, which is within its jurisdiction as a court of bankruptcy, on the ground that the claim might be prosecuted by bill, in the district or circuit court, sitting in equity.

[Cited in Re Krogman, Case No. 7,936; In re Marter, Id. 9,143.]

Petition in bankruptcy. Philip H. Emmerson, the assignee of James W. Norris, bankrupt, filed his petition in this court, alleging that said James W. Norris, within six months before the petition for adjudication of bankruptcy was filed against him, and in the month of November, 1869, he being then solvent, and in contemplation of bankruptcy, did sell and cause to be conveyed and delivered to Charlotte M. Rogers, certain real estate in the city of Battle Creek, in this district, valued at about nine thousand dollars, and two certain promissory notes, with a view to prevent the same from coming to the assignee in bankruptcy of said Norris, and to evade the provisions of the bankrupt act, and to delay the operation and effect thereof, the said Charlotte M. Rogers having reasonable cause to believe that the said Norris was insolvent, and that said sale and conveyance was made by said Norris in contemplation of bankruptcy, and with the view aforesaid, and praying for injunction, and for a decree setting aside the said conveyance, and that the said Charlotte M. Rogers convey and release to the said assignee the real estate so conveyed, and deliver to him the said promissory notes. An injunction was allowed, and an order was made and served requiring the said Charlotte M. Rogers to show cause why the relief prayed should not be granted. The said Charlotte M. Rogers now appears by her counsel and objects to the proceedings on the ground that petition is not the proper remedy. and contends that the proper remedy is by bill in equity.

Moore & Griffin, for petitioner.
Mr. Hughes and Mr. Russell, in opposition.

LONGYEAR, District Judge. By section 1 of the bankrupt act the district courts are constituted "courts of bankruptcy," with certain general and specific powers and jurisdiction. Courts of bankruptcy, as they existed in England at the time the act was passed, were and still are separate and distinct organizations, with powers and jurisdiction separate and distinct from all other courts, and it is undoubtedly in this sense that the words are used in the act; that is, courts possessing power and jurisdiction peculiar to themselves. The only difference is that here, instead of creating a new organization, an organization already existing,

known as the district court, is taken up and made use of in lieu of such new organization. But the district court, when acting as a court of bankruptcy, is none the less a separate and distinct court, and exercising powers and jurisdiction separate and distinct from its powers and jurisdiction as district court, than if it were such separate and distinct organization.

The general jurisdiction conferred upon the court of bankruptcy is of "all matters and proceedings in bankruptcy;" and it is further specifically provided (section 1), that such jurisdiction shall extend, among other things, "to the collection of all the assets of the bankrupt," and "to the adjustment of the various priorities and conflicting interests of all parties."

It is clear from these provisions, and, in fact, it was conceded by counsel upon the argument, that the court of bankruptcy has jurisdiction in the premises. By what right can this court, sitting as a court of bankruptcy, refuse to entertain and exercise that jurisdiction when it is invoked? It is said that by section 2 jurisdiction is conferred on the circuit and district courts of suits at law or in equity in such cases, and that it was evidently contemplated that such course should be pursued. No doubt a party may pursue either course he may choose; but again it is asked, by what power or authority can a party be required to pursue the one course or the other? The jurisdiction and powers of each of these three courts,— the circuit, the district, and the bankruptcy court,—are in this respect equal and co-extensive, and the bankruptcy court has no more right to say to a party invoking the exercise of its jurisdiction, "You must reform your proceedings and seek your remedy in the district or circuit court," than the district court would have to say to a party commencing his suit there, "You must go into the bankruptcy or the circuit court," or the circuit court to say to him, "You must go into either of the other two." Much more might be said in this direction, which will be readily suggested to the mind of the thoughtful student, but I will not pursue the argument further. Neither will I presume to answer the objetions raised to this course of procedure, that it is summary in its character, and that it is novel and inconvenient in practice. These objections have been answered so completely in the full, able, and exhaustive opinion of Judge Swayne, of this circuit, in Bill v. Beckwith [Case No. 1,406], that it would be mere presumption on my part to attempt to add anything thereto.

The leading opinion in support of the opposite doctrine (that the remedy in a case like the present should be by a suit at law or in equity in the circuit or district court), is that of Judge Nelson, in Re Kerosene Oil Co. [Case No. 7,726]. With all deference to the acknowledged learning and ability of that eminent jurist, that opinion bears evidence upon its face that it was not well considered. The argument and the conclusion are entirely unsatisfactory to my mind, particularly that portion of the argument in which he says: "It is by no means clear that an appeal would lie from a decision of the district court to the circuit court under section 8 in the summary proceedings in the present case." It is conceded that an appeal would not lie in such a case under section 8. The learned judge, however, seems to have entirely overlooked section 2, in which full provision is made for a review in such cases by the circuit court, as is clearly shown in the opinion of Chief Justice Chase in Re Alexander [Id. 160].

Aside, however, from the views entertained by me individually, in favor of the right and propriety of proceeding in a case like the present by petition, summarily, in the court of bankruptcy as is here done, it is to be observed that it is important that there should be as great uniformity as practicable in the manner of proceeding in the several courts; and inasmuch as the question has already been adjudicated in favor of the right to proceed in this manner by one of the presiding judges of the court before which the question raised in this case may be reviewed, I should feel it my duty, from considerations of a practical nature, if no other, to decide the question in conformity to that adjudication, even if I entertained serious doubts (which I do not) of its correctness.

In this case, the petition is presented in the same court in which the bankruptcy proceedings are pending, and this opinion is, of course, limited to such a case. The objection and motion are overruled, and the assignee is allowed to proceed upon his petition.

Order accordingly.